UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ALEXIA KNOX,

        Plaintiff,

v.

        Case No. 23-cv-0655-bhl

WISCONSIN DEPARTMENT OF TRANSPORTATION,

        Defendant.

## ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT

On July 10, 2025, the Court entered an order granting summary judgment in favor of Defendant Wisconsin Department of Transportation (WDOT) on Plaintiff Alexia Knox's claims under the Rehabilitation Act of 1973, 29 U.S.C. §794. (ECF No. 54.) The Court concluded that the record confirmed Knox was not a "qualified individual" within the meaning of the Rehabilitation Act, precluding her discrimination and failure-to-accommodate claims. (*Id.* at 5–8.) And because Knox did not come forward with sufficient evidence that the WDOT maintained a hostile work environment, the Court further concluded that the WDOT was entitled to summary judgment on that claim as well. (*Id.* at 8–10.) On July 25, 2025, Knox filed a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e). (ECF No. 56.)

To prevail on a Rule 59(e) motion to amend judgment, a party must "clearly establish" (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment. *Harrington v. City of Chi.*, 433 F.3d 542, 546 (7th Cir. 2006). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). "Such motions are disfavored and should be 'rare.'" *Acantha LLC v. DePuy Orthopaedics Inc.*, No. 15-C-1257, 2018 WL 2290715, at *1 (E.D. Wis. May 19, 2018) (quoting *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)).

As explained in the Court's summary judgment order, the WDOT hired Knox as a Communications Specialist on November 8, 2021. The position required her to work outside normal business hours, including prior to, during, and following major traffic incidents and severe weather events. The WDOT's job description for a Communications Specialist specifically provided that it might place the employee "on call" with limited or no notice. Knox was unable to comply with this availability requirement and, only one month after starting in the role, requested accommodations that would have excused her from being available as needed outside normal working hours. Based on the changes Knox requested, the WDOT would have been forced to make substantial changes to its operations. Accordingly, the WDOT instead attempted to find Knox another suitable position, but those efforts proved unsuccessful. The WDOT then terminated Knox's employment on May 3, 2022, less than six months after she started.

Knox challenges the Court's grant of summary judgment on her discrimination and failure-to-accommodate claims, arguing that the Court committed "clear error" in concluding that she was not a "qualified individual" within the meaning of the Rehabilitation Act. (ECF No. 56 at 2–4.) An employee is a qualified individual under the statute only if she can perform the "essential functions" of the job with or without reasonable accommodation. (ECF No. 54 at 10 (quoting *Whitaker v. Wis. Dep't of Health Servs.*, 849 F.3d 681, 684 (7th Cir. 2017)). Because WDOT established that the ability to be available as necessary or otherwise on call was an essential function of the Communications Specialist role, Knox was not a qualified individual, and her discrimination and failure-to-accommodate claims failed as a matter of law. (*Id.* at 8); *see Vargas v. DeJoy*, 980 F.3d 1184 (7th Cir. 2020). Knox has not established any manifest error in the Court's summary judgment order with respect to this conclusion. She has also not identified any newly discovered evidence relevant to her first two claims. She simply voices her disagreement with the Court's analysis. This is not a sufficient basis to obtain relief under Rule 59(e).

Knox also challenges the Court's grant of summary judgment on her hostile work environment claim. (ECF No. 56 at 4–6.) She argues that the Court failed to apply the correct legal standard. (*Id.* at 4.) In the summary judgment order, the Court assumed that Knox was entitled to bring a hostile work environment claim under the Rehabilitation Act and applied the Seventh Circuit's standard from Title VII caselaw. Based on that caselaw, Knox was required to support her claim with evidence demonstrating (1) she was subject to unwelcome harassment; (2) the harassment was based on her disability; (3) the harassment was "so severe or pervasive as to

alter the conditions of employment and create a hostile or abusive working environment;" and (4) there is a basis for WDOT's liability. (ECF No. 54 at 8–9 (citing *Ford v. Marion Cnty. Sheriff's Off.*, 942 F.3d 839, 856 (7th Cir. 2019); *Johnson v. Advoc. Health & Hosps. Corp.*, 892 F.3d 887, 900 (7th Cir. 2018).) Viewing the evidence in the light most favorable to Knox, the Court concluded that her hostile work environment claim failed because she had not come forward with evidence sufficient to support a finding that WDOT maintained a hostile work environment. (*Id.* at 9–10.) The Court noted that Knox's claim was based on a handful of interactions between her and her supervisor Anne Reshadi-Nezhad in early December 2021 and, even if those interactions could be considered harassment, Knox had provided no evidence that Reshadi-Nezhad's conduct was based on Knox's claimed disability. (*Id.* (citing *Beamon v. Marshall & Ilsley Tr. Co.*, 411 F.3d 854, 863 (7th Cir. 2005).) While the harassment need not explicitly bring up a plaintiff's disability, Knox's mere perception or speculation of discriminatory motivation is not enough. *See Beamon*, 411 F.3d at 863. Knox does not point to any evidence in the summary record suggesting that Reshadi-Nezhad acted based on Knox's alleged disability. She is therefore not entitled to relief under Rule 59(e) on this claim either.

Finally, Knox also generally argues that the Court improperly resolved factual disputes in granting summary judgment against her. (ECF No. 56 at 6–11.) She asserts that the Court improperly made six inferences against her and argues that she "presented facts" that would support a jury finding in her favor. (*Id.* at 11.) But she does not identify any evidence in the summary judgment record refuting any of the undisputed facts on which the Court based its summary judgment decision. Her contention that relief under Rule 59(e) is necessary to prevent "manifest injustice" is likewise unsupported and without merit.

## CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's motion to alter or amend judgment, ECF No. 56, is **DENIED**.

Dated at Milwaukee, Wisconsin on November 26, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge
